[No. 16899-5-II.   Division Two.   June 1, 1995.]

LAWRENCE COHN, *Appellant*, v. THE DEPARTMENT OF CORRECTIONS, *Respondent*.

*Norman Wolfe Cohen, William Dingler,* and *Cohen Keith-Miller & Dingler Inc. P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Thomas J. Young,* Assistant, for respondent.

BRIDGEWATER, J. — Lawrence Cohn appeals the superior

court's denial of attorney fees requested after a successful appeal to the Personnel Appeals Board (the Board). We affirm.

Cohn, a gardener employed by the Department of Corrections (DOC), was accused by DOC of making obscene remarks over the telephone. DOC disciplined Cohn by reducing his pay by 10 percent for six months. Cohn appealed pursuant to WAC 358-20-010, and a hearings examiner reversed DOC's disciplinary actions and fully reinstated Cohn's rights and benefits.

DOC appealed the examiner's decision to the Board, and the Board remanded the case to the examiner for clarification of the examiner's findings. On remand, Cohn for the first time requested attorney fees pursuant to RCW 49.48.030. The examiner then issued amended findings, affirming the reversal of the disciplinary actions and denying Cohn's request for attorney fees.

DOC appealed the examiner's amended decision to the Board, and Cohn appealed the examiner's refusal to award him attorney fees to the Board. The Board affirmed the examiner's decision, ordering that Cohn's discipline "is reversed and he is fully reinstated with all employee rights and benefits." The Board also affirmed the examiner's refusal to award attorney fees to Cohn, concluding it had no statutory authority to award such fees.

Both parties appealed the Board's decision to the Thurston County Superior Court. In response to the parties' motions for summary judgment, the court dismissed both appeals, including Cohn's request for attorney fees for the superior court action. Cohn alone now appeals, arguing the superior court erred in refusing to award attorney fees for both the administrative and superior court actions. He also requests reasonable attorney fees for this appeal.

■ Cohn's appeal depends on the interpretation of RCW 49.48.030. Cohn argues that both the Board and the

superior court incorrectly interpreted the statute in finding that the Board had no authority to award attorney fees. DOC responds that both the Board and the superior court were correct in denying Cohn attorney fees, because (1) the Board does not have authority to award attorney fees, and (2) neither the Board nor the superior court ever entered a "judgment for wages or salary owed" as required by the statute. Legal issues arising out of administrative action are reviewed under the error of law standard.[1]

## I

█ The initial question for this court is whether the Board has authority to award attorney fees. Washington follows the American rule that a prevailing party ordinarily does not recover its attorney fees.[2] Attorney fees are recoverable only if specifically authorized (1) by statute, (2) by agreement of the parties, or (3) upon a recognized equitable ground.[3]

Cohn argues that RCW 49.48.030 gives the Board the power to award attorney fees. RCW 49.48.030 provides:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

Since RCW 49.48.030 is a remedial statute, it should be

---

[1]*Snohomish County v. State*, 69 Wn. App. 655, 665, 850 P.2d 546 (1993), *review denied*, 123 Wn.2d 1003 (1994).

[2]*Dempere v. Nelson*, 76 Wn. App. 403, 406, 886 P.2d 219 (1994).

[3]*Dempere*, at 406; *Clark v. Horse Racing Comm'n*, 106 Wn. App. 84, 93, 720 P.2d 831 (1986).

liberally construed to effect its purpose.[4] The courts of this state have tended to expand the scope of this statute.[5]

■■ However, persuasive reasons exist to prohibit the judicial expansion of the scope of the statute to permit the Board the power to award attorney fees. Most importantly, an administrative agency has *only* those powers which are expressly granted or which are necessarily implied from statutory grants of authority.[6] While agencies have implied authority to carry out their legislatively mandated purposes, agencies do not have implied authority to determine issues outside of that agency's delegated functions or purpose.[7]

■ RCW 41.64 creates and WAC Title 358 governs the actions of the Board, whose purpose is "to provide a system of adjudication of appeals for eligible state employees".[8] The limited powers of the Board are found in various provisions throughout the statute and the Code. However, the statutory grants of authority to the Board contained in RCW 41.64 and WAC Title 358 contain no power to award attorney fees.

WAC 358-01-030 provides that the Board's general duties are to hear appeals and issue findings, conclusions, and orders; establish general policies, rules and regulations; maintain a record of all official actions; and "[p]erform all the powers and duties specified by RCW 41.64 or as otherwise provided by law". Neither WAC 358-01-030 nor any provision in RCW 41.64 explicitly furnishes

---

[4]*Hitter v. Bellevue Sch. Dist. 405,* 66 Wn. App. 391, 397, 832 P.2d 130, (quoting *Naches Valley Sch. Dist. No. JT3 v. Cruzen,* 54 Wn. App. 388, 399, 775 P.2d 960 (1989)), *review denied,* 120 Wn.2d 1013 (1992).

[5]*See, e.g., Hitter,* 66 Wn. App. at 396 (RCW 49.48.030 applies to arbitration proceedings); *Naches Valley Sch. Dist.,* 54 Wn. App. at 399 (reimbursement for sick leave constitutes "wages" for purposes of RCW 49.48.030); *Hayes v. Trulock,* 51 Wn. App. 795, 806, 755 P.2d 830, (back pay and future earnings constitute "wages" for purposes of RCW 49.48.030), *review denied,* 111 Wn.2d 1015 (1988).

[6]*Tuerk v. Department of Licensing,* 123 Wn.2d 120, 124-125, 864 P.2d 1382 (1994).

[7]*Tuerk,* at 125.

[8]WAC 358-01-010.

the Board with the power to award attorney fees or even mentions attorney fees. Moreover, as DOC points out, after a hearing the Board has authority only to

> affirm, reverse or modify the action of an agency or the recommended decision of a hearings examiner or remand the matter for further proceedings before the hearings examiner.[9]

Thus, there is no express or implied authority by statute, rule, or purpose that grants the Board the authority to award attorney fees. Since agencies do not have implied authority to determine issues outside of that agency's delegated functions or purpose,[10] the Board lacks the authority to award attorney fees.

Additionally, under the state civil service law,[11] if an aggrieved employee is fully reinstated after appeal, the employee is "guaranteed all employee rights and benefits, including back pay, sick leave, vacation accrual, retirement and OASDI credits".[12] The statute makes no mention of a right of an aggrieved employee to recover attorney fees, and none should be implied. In *Kringel v. Department of Social & Health Servs.*,[13] this court held that RCW 41.06.220(2) did not waive the State's sovereign immunity and did not leave the State liable for interest on back pay to a reinstated employee. *Kringel* further found that this statute

> *unambiguously provides for an award of specific benefits only, including back pay. There simply is no room for construction of this unambiguous statute.*[14]

(Citations omitted. Italics ours.)

---

[9]WAC 358-30-050(3).

[10]*Tuerk*, 123 Wn.2d at 125.

[11]Presumably Cohn falls under the civil service law, RCW 41.06, as his position does not appear to fall into the category of DOC personnel exempted from the chapter under RCW 41.06.071.

[12]RCW 41.06.220(2).

[13]45 Wn. App. 462, 464, 726 P.2d 58 (1986).

[14]*Kringel*, at 464.

While RCW 49.48.030 affords a state employee some right to recover attorney fees,[15] the right does not explicitly apply to an administrative appeal. Because an attorney fee award for a successful administrative appeal is not listed as one of the "rights and benefits" specifically afforded to an aggrieved employee in RCW 41.06.220(2), attorney fees—like interest on back pay—cannot be recoverable in an administrative appeal of state agency disciplinary action. Thus, not only does the Board lack authority to award attorney fees, but a fully reinstated state employee does not appear to possess the right to receive attorney fees after a successful administrative appeal.

■ Finally, the Board on a previous occasion concluded it had no authority to award attorney fees.[16] Courts give great deference to the agency interpretation of statutes when the agency is charged with the responsibility of administering the statutes.[17] We include in our consideration the Board's interpretation of the limits of its own authority and find it to be persuasive in concluding that the Board lacks authority to award attorney fees.

In short, both the Board and the superior court were correct in concluding the Board had no authority to award attorney fees to Cohn.

## II

Cohn's second argument is that the superior court erred by not awarding attorney fees for the appeal to the superior court. However, Cohn's argument fails for two reasons.

■ First, because the Board does not possess the authority to award attorney fees to Cohn, the superior court

---

[15]*See* RCW 49.48.080.

[16]*See Farnes v. Liquor Control Bd.*, Personnel Appeals Bd. Decision D82-32 (Nov. 3, 1982).

[17]*Multicare Medical Ctr. v. Department of Social & Health Servs.*, 114 Wn.2d. 572, 589, 790 P.2d 124 (1990).

similarly lacked authority to award such fees to Cohn. In *Punton v. Seattle Public Safety Comm'n,*[18] a police officer who was dismissed from his job appealed to the Civil Service Commission but lost. Through a writ of certiorari, he appealed the Commission's order to superior court, which reversed the order, reinstated the officer, and awarded the officer attorney fees.[19]

The court of appeals affirmed the officer's reinstatement but reversed the award of attorney fees, holding that because the Commission lacked authority to award attorney fees, the superior court, acting as an appellate court reviewing the propriety of administrative action, similarly lacked authority to award attorney fees in the administrative or superior court proceeding.[20] Thus, since the superior court has no authority to award attorney fees if the administrative body the court is reviewing possessed no such power, the superior court here did not err by refusing to award attorney fees for either the Board hearing or the superior court review.

■ Second, even if the superior court had authority to award attorney fees, the superior court did not err because it did not enter a "judgment for wages or salary owed" within the meaning of RCW 49.48.030 when the court entered the order dismissing the appeals. Cohn had already received all back pay due to him before the parties appealed to the superior court. Moreover, this case is unlike a case such as *Hanson v. Tacoma,*[21] where the court held that the superior court should have awarded attorney fees under RCW 49.48.030 because the superior court *modified* an agency's ruling by awarding the employee a *greater* amount of back pay than the amount originally

---

[18]32 Wn. App. 959, 650 P.2d 1138 (1982), *review denied,* 98 Wn.2d 1014 (1983).

[19]*Punton,* at 960-62.

[20]*Punton,* at 970; *see also Bringgold v. Spokane,* 19 Wash. 333, 336, 53 P. 368 (1898) (superior court was without jurisdiction to enter a judgment for costs incurred in a hearing before a police commission if the commission itself had no jurisdiction to award costs).

[21]105 Wn.2d 864, 872, 719 P.2d 104 (1986).

awarded by the agency. Here, conversely, since the superior court's order dismissing Cohn's appeal in essence merely affirmed the Board's award, it did not award any amounts greater than the back pay already awarded by the Board. Thus, the superior court did not enter a "judgment for wages or salary owed" and did not err.

We affirm.

HOUGHTON, A.C.J., and FLEISHER, J., concur.