[No. 33503-4-II.   Division Two.   August 8, 2006.]

COLLEEN MCINTYRE ET AL., *Appellants*, v. THE WASHINGTON STATE PATROL, *Respondent*.

*Valarie S. Zeeck* (of *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, P.L.L.C.*), for appellants.

*Robert M. McKenna, Attorney General*, and *Elizabeth D. Brown, Assistant*, for respondent.

¶1 BRIDGEWATER, J. — Colleen M. McIntyre appeals from a summary judgment that denied her attorney fees, even though she prevailed in an appeal of her employment

termination, wherein we ordered her reinstatement by the Washington State Patrol (WSP). We hold that under RCW 49.48.030 she is entitled to attorney fees that she incurred in the original action and the summary judgment action; also, she is entitled to attorney fees for the original appeal and this appeal. We reverse and remand for calculation of attorney fees (1) incurred in appealing her original termination order to the superior court and (2) incurred in the summary judgment action in superior court. We also grant attorney fees for both appeals in this court upon her compliance with RAP 18.1.

FACTS[1]

¶2 McIntyre served the WSP for 22 years.[2] But, following a trial board hearing, the WSP Chief terminated McIntyre's employment for violating several WSP regulations.[3]

¶3 McIntyre appealed her termination order to the Thurston County Superior Court, which affirmed. McIntyre then appealed that decision to us and we reversed, holding that the WSP failed in its obligation under the collective bargaining agreement (CBA) to provide notice of the specific violations.

¶4 After McIntyre was reinstated to her former position and reimbursed for the loss of her salary, she initiated two other actions. First, McIntyre brought an action in which she alleged that the WSP had discriminated and retaliated against her. The State and McIntyre settled this dispute on the eve of trial.

¶5 Second, McIntyre brought an action in the Pierce County Superior Court to recover attorney fees that she incurred in appealing her termination order. She sought to recover the fees under RCW 49.48.030, which states:

---

[1] Many of the facts of the case are taken from *McIntyre v. Washington State Patrol*, noted at 120 Wash. App. 1016, 2004 Wash. App. LEXIS 190, at *1, *2, *5-7.

[2] By the end of her career, she had attained the ranks of Lieutenant and Captain.

[3] The trial board functions as the ultimate fact finder within the WSP, and it recommends a penalty to the WSP Chief. *See* RCW 43.43.070–.110. In McIntyre's case, the trial board recommended termination as the appropriate remedy.

In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

Before trial, both parties brought motions for summary judgment. After considering the pleadings, declarations, and exhibits, the trial court refused McIntyre's contention that RCW 49.48.030 entitled her to attorney fees. Accordingly, the trial court granted the WSP's motion and denied McIntyre's motion.

¶6 McIntyre contends that she was entitled to an award of attorney fees under RCW 49.48.030 because she was successful in reversing her termination and recovering back wages. She asserts that because RCW 49.48.030 is a remedial statute, courts construe it liberally to effectuate its purpose. *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 34-36, 42 P.3d 1265 (2002); *Gaglidari v. Denny's Rests., Inc.*, 117 Wn.2d 426, 450-51, 815 P.2d 1362 (1991); *Naches Valley Sch. Dist. No. JT3 v. Cruzen*, 54 Wn. App. 388, 399, 775 P.2d 960 (1989). We agree.

STANDARD OF REVIEW

■■ ¶7 We review an order of summary judgment de novo, performing the same inquiry as the trial court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004) (citing *Kruse v. Hemp*, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993)). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). Summary judgment is granted only if reasonable persons could reach but one conclusion from all the evidence. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005) (citing *Atherton*

*Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 515-16, 799 P.2d 250 (1990)); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

¶8 Because the order of summary judgment turns on the interpretation of RCW 49.48.030 and RCW 43.43.110, our review of the order of summary judgment is a question of law. We review questions of law, including statutory construction, de novo. *City of Pasco v. Pub. Employment Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992).

## RCW 49.48.030

### A. Plain Language

¶9 RCW 49.48.030 is "a remedial statute, which should be construed liberally to effectuate its purpose" of protecting employee wages and assuring payment. *Fire Fighters*, 146 Wn.2d at 34-35. It authorizes attorney fees "to provide incentives for aggrieved employees to assert their statutory rights." *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 673, 880 P.2d 988 (1994), *cert. denied*, 513 U.S. 1112 (1995).

¶10 And, as RCW 49.48.080 provides, public employees are to be included within the fee provisions of RCW 49.48.030. *See Cruzen*, 54 Wn. App. at 399.

¶11 McIntyre was successful in her action to recover her position and wages, including benefits that she lost as a result of her wrongful termination. The State candidly acknowledged that after our judgment in the original appeal, the WSP paid McIntyre back wages and credited her with benefits from the time of her wrongful termination. Thus, as a public employee, McIntyre was entitled to recover her attorney fees incurred in the disciplinary case under the plain language of the statutes.

### B. *Hanson v. City of Tacoma*, *Cohn v. Department of Corrections*, and *Trachtenberg v. Department of Corrections*

¶12 We first look to *Hanson v. City of Tacoma*, 105 Wn.2d 864, 719 P.2d 104 (1986), for authority. In *Hanson*, the city of Tacoma Civil Service Board issued a decision in which it held that Hanson's employer had violated a municipal rule. *Hanson*, 105 Wn.2d at 866. The Board then found that Hanson had served 8 days of a suspension in excess of the 30-day limit and that he was entitled to back pay for only those 8 days of his suspension. *Hanson*, 105 Wn.2d at 866. Unhappy with this decision, Hanson filed a complaint for issuance of a writ of review with the superior court and for wages due. *Hanson*, 105 Wn.2d at 866-67.

¶13 The superior court ultimately concluded that Hanson's appeal involved a matter distinct from any rights under the collective bargaining agreement between the city of Tacoma and his bargaining agent. *Hanson*, 105 Wn.2d at 867. While the superior court upheld the Board's decision, it nevertheless concluded that the Board acted in an arbitrary and capricious manner. *Hanson*, 105 Wn.2d at 867. Thus, the superior court found that Hanson was actually entitled to back pay for more than 40 days of his suspension. *Hanson*, 105 Wn.2d at 867.

¶14 On appeal, our Supreme Court agreed that Hanson exercised a right provided to him by the city of Tacoma, and not by the collective bargaining agreement. *Hanson*, 105 Wn.2d at 870. And our Supreme Court also concluded, "RCW 49.48.030 provides reasonable attorney fees *in any action* in which a person is successful in recovering judgment for wages or salary owed." *Hanson*, 105 Wn.2d at 872. Thus, because Hanson recovered wages for a greater number of days lost because of his suspension, he satisfied the standard under RCW 49.48.030. *Hanson*, 105 Wn.2d at 872.

¶15 The State cites two cases for authority that McIntyre should not recover attorney fees: *Cohn v. Department of Corrections*, 78 Wn. App. 63, 895 P.2d 857 (1995);

and *Trachtenberg v. Department of Corrections*, 122 Wn. App. 491, 93 P.3d 217 (2004).

¶16 *Cohn* does not apply because Cohn had already received all his back wages before he appealed to the superior court; thus, the superior court merely affirmed the Personnel Appeals Board's order—it did not award any amount of wages or salary greater than those already awarded. *Cohn*, 78 Wn. App. at 65.

¶17 *Trachtenberg* does not apply because Trachtenberg was seeking attorney fees even though, as a civil service employee, he was entitled only to certain enumerated remedies, e.g., back pay, sick leave, vacation accrual, retirement, and OASDI (Old-Age, Survivors, and Disability Insurance) credits. RCW 41.06.220; *Trachtenberg*, 122 Wn. App. at 496.[4]

¶18 Furthermore, both *Cohn* and *Trachtenberg* were determined under the Civil Service Law, chapter 41.06 RCW. Because RCW 41.06.070(1)(d) specifically exempts WSP officers from the Civil Service Law, *Cohn* and *Trachtenberg* are inapposite to our analysis.

¶19 Regardless, the State discusses RCW 43.43.110[5] as the authority that might apply if McIntyre had been "reinstated." The State notes that RCW 43.43.110 lists only one remedy for a "reinstated" officer, i.e., reimbursement of lost salary; therefore, because the statute does not list attorney fees, the State argues that we cannot grant attorney fees in this case.

¶20 But we are not persuaded by the State's argument. First, RCW 43.43.110 simply relates to an officer who is "found not guilty of the charges." Second, as the State candidly admitted, it reimbursed more than just wages to McIntyre; the State also reimbursed sick leave, vacation

---

[4] *Trachtenberg* also held that an appeal to the Personnel Appeals Board was not an "action" for a "judgment for wages." *Trachtenberg*, 122 Wn. App. at 496.

[5] RCW 43.43.110 states: "If as a result of any trial board hearing, or review proceeding, an officer complained of is found not guilty of the charges against him, he shall be immediately reinstated to his former position, and be reimbursed for any loss of salary suffered by reason of the previous disciplinary action."

accrual, and retirement to McIntyre. Thus, the State's argument that a single statutory remedy is self-limiting is not convincing, given that the State did not follow its own position. Indeed, for the State not to have granted all the other relief to McIntyre would have violated our order to reinstate McIntyre.

¶21 Finally, in contrast to *Cohn* and *Trachtenberg*, McIntyre received greater relief through the courts in excess of that provided by the WSP trial board. Thus, McIntyre's situation is more analogous to *Hanson*, in which Hanson also received greater relief through the courts in excess of that provided by the Board. As the nature of the proceeding in *Hanson* did not preclude a fee award, the nature of McIntyre's proceeding, in which she sought full reinstatement from her imposed discipline, also does not preclude a fee award.

## C. *International Association of Fire Fighters, Local 46 v. City of Everett*

¶22 Our Supreme Court held that an "action" as used in RCW 49.48.030 includes grievance arbitration proceedings in which wages or salary owed are recovered. *Fire Fighters*, 146 Wn.2d at 41. Our Supreme Court also held that in order to recover attorney fees, RCW 49.48.030 requires only that an employee receive wages or salary owed "in any action." *Fire Fighters*, 146 Wn.2d at 44.

¶23 In *Fire Fighters*, the city of Everett suspended two members of a local fire fighters' union. *Fire Fighters*, 146 Wn.2d at 32. On their behalf, the fire fighters' union brought a grievance proceeding against the city, arguing that the suspensions violated the union's collective bargaining agreement with the city. *Fire Fighters*, 146 Wn.2d at 32. Under the grievance procedure in the collective bargaining agreement, the parties submitted the dispute to arbitration. *Fire Fighters*, 146 Wn.2d at 32. The arbitrator ruled that the suspensions violated the collective bargaining agreement, ordered the city to set aside the suspensions,

and awarded back pay. *Fire Fighters*, 146 Wn.2d at 32. Following the arbitration proceeding, the union filed a complaint against the city in superior court, seeking attorney fees under RCW 49.48.030. *Fire Fighters*, 146 Wn.2d at 33. The trial court denied the union's request, but Division One of this court reversed and held that the union was entitled to attorney fees under RCW 49.48.030. *Fire Fighters*, 146 Wn.2d at 33.

¶24 Our Supreme Court affirmed the award of attorney fees, distinguishing *Cohn*:

> Because *Cohn* addressed an appeal from a government agency, not an arbitration proceeding, it is distinguishable. In holding that the Board and the superior court had no authority to award attorney fees, *Cohn* was primarily relying on the statutory authority granted to the Board in chapter 41.64 RCW and Title 358 WAC. These statutes and rules apply to proceedings before the Board and not to labor arbitration proceedings. In fact, the court in *Cohn* explicitly acknowledged Division One's extension of RCW 49.48.030 to arbitration proceedings, while still rejecting it in the context of the Board.

*Fire Fighters*, 146 Wn.2d at 42-43 (citations and footnote omitted). The court also noted, "Because the issue in [*Fire Fighters*] deals exclusively with attorney fees for an arbitration proceeding, we decline at this time to address whether RCW 49.48.030 would apply to other types of administrative or quasi-judicial proceedings." *Fire Fighters*, 146 Wn.2d at 42 n.11.

¶25 The State maintains that one of the conclusions from *Fire Fighters* is that attorney fees can be obtained under RCW 49.48.030 if an action stemmed from an arbitration proceeding. Because McIntyre's action stemmed from a statutory appeal, not an arbitration proceeding under the CBA, the State argues that McIntyre is not entitled to attorney fees. The State also emphasizes that McIntyre could have recovered attorney fees if she had brought a grievance proceeding against the WSP.

¶26 But the State's rationale could discourage officers from bringing an action when there is a question of disci-

pline that results in loss of wages or salary. Using the State's rationale, if an officer prevailed in bringing an action under the statutes and rules, she would have to pay for counsel. On the other hand, if an officer prevailed in bringing a grievance under the CBA, she would not have to pay for counsel. And we agree with McIntyre that an officer is not entitled to any attorney fees unless she is successful in proving that the discipline was improper; thus, in any case, the employee does not receive a windfall of benefits.

¶27 Finally, we emphasize two relevant factors from *Fire Fighters*: (1) the WSP trial board hearing was an administrative or quasi-judicial proceeding and (2) we previously determined that McIntyre's action arose because of WSP's failure to observe the mandates of the CBA.

## D. Action

■■ ■■ ¶28 The State also asserts that McIntyre did not recover a "judgment for wages or salary owed" to her and that the proceedings in which McIntyre participated were not "actions" under RCW 49.48.030. The basis of the State's position is *Cohn* and *Trachtenberg*, but neither applies to this case.

¶29 Here, as in *Hanson*, McIntyre was forced to seek relief through the courts in order to recover wages owed. We plainly awarded relief that the WSP did not grant. Under the rationale of *Hanson*, attorney fees should have been awarded because we modified the WSP's ruling by ordering full reinstatement, which included wages and benefits.

¶30 Also plain is that McIntyre's lawsuit in Thurston County Superior Court and the resultant appeal to us was an action. Equally plain is that our holding in McIntyre's initial appeal was a judgment. *See In re Recall of West*, 156 Wn.2d 244, 250-51, 126 P.3d 798 (2006) (holding that a judgment is the decision rendered by the court and constitutes the instrument through which the court acts). Besides, in that initial appeal, we reversed the Thurston County Superior Court's judgment.

¶31 Finally, the State contends that because McIntyre appealed the imposed discipline, she did not bring an "action" for recovery of salary owed to her under RCW 49.48.030. This argument is frivolous. *Hanson* plainly involved an appeal from the imposition of discipline, in which the court awarded attorney fees to Hanson under RCW 49.48.030. *See also Gaglidari,* 117 Wn.2d 426; *Hayes v. Trulock,* 51 Wn. App. 795, 755 P.2d 830, *review denied,* 111 Wn.2d 1015 (1988). It cannot be denied that the recovery of salary owed is intimately tied to the reinstatement from wrongfully imposed termination. As such, when the WSP breached the CBA, it wrongfully denied salary to McIntyre.

¶32 In conclusion, McIntyre successfully established her right to recover her lost salary and McIntyre is entitled to recover her reasonable attorney fees under RCW 49.48.030 for both superior court actions and for both appeals. We reverse and remand for a determination of reasonable attorney fees incurred in appealing the termination order to the superior court and incurred in the resulting superior court action. And we award reasonable attorney fees for both appeals in this court upon her compliance with RAP 18.1.

¶33 Reversed and remanded.

VAN DEREN, A.C.J., and HUNT, J., concur.

Reconsideration denied October 16, 2006.