# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

INTERNATIONAL UNION OF
POLICE ASSOCIATION, LOCAL 748,
a/k/a KITSAP COUNTY SHERIFF'S
OFFICE LIEUTENANT'S
ASSOCIATION,

                Appellant,

     v.

KITSAP COUNTY, a Washington
Municipality,

              Respondent.

No. 71731-6-I

DIVISION ONE

PUBLISHED OPINION

FILED: September 2, 2014

SPEARMAN, C.J. — This appeal arises from the Kitsap County Superior Court's order granting attorney fees and costs to Kitsap County Sheriff's Office Lieutenant's Association (the Union). Kitsap County (the County) contends that the award was improper because: (1) the statutory provision relied upon, RCW 49.48.030, does not apply to attorney fees and costs incurred during unfair labor practice proceedings instituted pursuant to chapter 41.56 RCW; (2) the priority of action doctrine bars the claim for relief sought by the Union; and (3) the County and Union's collective bargaining agreement contained an express waiver of recovering attorney fees and costs. We agree with the first contention and reverse.

## FACTS

The County and the Union were parties to a collective bargaining agreement (CBA) governed by the Public Employees' Collective Bargaining Act, chapter 41.56 RCW (PECBA). The CBA covered a period from January 1, 2007 through December 31, 2009 and set forth the specific amount that each party was to contribute to employee health insurance premiums. The PECBA requires that the status quo be maintained for one year after the lapse of a CBA. Specifically, it provides:

> After the termination date of a collective bargaining agreement, all of the terms and conditions specified in the collective bargaining agreement shall remain in effect until the effective date of a subsequent agreement, not to exceed one year from the termination date stated in the agreement. Thereafter, the employer may unilaterally implement according to law.

RCW 41.56.123(1).

Before an agreement was reached on a successor agreement to the 2007-2009 CBA, health insurance premiums increased and a dispute arose as to what constituted the status quo for the payment of employer and employee contributions toward 2010 health insurance premiums. The County believed the status quo was the amount it had been paying when the contract expired, with the employees to cover the full amount of the increase in premiums. The Union maintained that status quo was the amount employees were paying when the 2007-2009 CBA expired, and the County was prohibited from unilaterally charging it more.

In December 2009, the Union filed a complaint with the Public Employment Relations Commission (PERC), alleging that the County committed an unfair labor practice (ULP), in violation of the PECBA, when it withheld the amount of the increase in health insurance premiums from employees' paychecks, unilaterally altering the status quo. In its ULP complaint, the Union sought an award of attorney fees, costs, and interest.

The PERC hearing examiner recognized that, although the parties had not contractually agreed to a specific percentage split in premiums, the mutual "caps" on health insurance premium contributions could not coexist, given the increase in premiums owed for 2010. Clerk's Papers (CP) at 35. The hearing examiner determined that the status quo was a split of the increased premiums based on the relative percentages of the employer and employee contributions each made in 2009. The hearing examiner concluded that because the County's withholding of sums in excess of the designated employee contribution rate was a unilateral change in the status quo, it constituted a ULP. As a remedy, the hearing examiner ordered partial refunds of the premiums collected from the employees during bargaining. The hearing examiner did not grant the Union's request for attorney fees, costs, and interest. The County's appeal of the hearing examiner's decision to the PERC board was denied.

The Union did not appeal the hearing examiner's decision of its request for attorney fees and costs. Instead, it filed suit in the Kitsap County Superior Court, seeking a judgment for the attorney fees and costs incurred in the ULP proceeding and for attorney fees and costs incurred in the superior court action.

The Union filed a motion for summary judgment, contending that assessment of fees and costs was mandatory under RCW 49.48.030. The court granted the Union's motion and entered a judgment for fees and costs. The County filed a motion for reconsideration, which was denied. The County appeals.

## DISCUSSION

We review the entry of summary judgment de novo, engaging in the same inquiry as the trial court. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Likewise, we review questions of law and issues of statutory interpretation de novo. Cashmere Valley Bank v. State Dep't of Revenue, 175 Wn. App. 403, 408, 305 P.3d 1123 (2013) (citations omitted).

RCW 49.48.030 authorizes an award of attorney fees for employees who must sue in order to collect wages owed from their employers: "In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer." RCW 49.48.030 is a remedial statute, which courts construe liberally to effect its purpose. Int'l Ass'n of Fire Fighters, Local 46 (IAFF) v. City of Everett, 146 Wn.2d 29, 34, 42 P.3d 1265 (2002); Cohn v. State, Dep't of Corrections, 78 Wn. App. 63, 66-67, 895 P.2d 857 (1995).

The trial court recognized that the authority to award attorney fees under the PECBA was limited to extraordinary circumstances when the employer has engaged in a repetitive pattern of illegal conduct, egregious or willful bad acts,

4

and/or when an employer has offered frivolous or meritless defenses to a ULP allegation. See State ex rel. Washington Federation of State Emp., AFL-CIO v. Board of Trustees of Central Washington University, 93 Wn.2d 60, 69, 605 P.2d 1252 (1980). The court also determined it was undisputed that no extraordinary circumstances were present in this case. But relying on IAFF, the court concluded that the limitations did not apply to an action brought under RCW 49.48.030 because the statute is remedial in nature. Id. Accordingly, it awarded the Union the attorney fees incurred in PERC proceedings. The Union also relies on IAFF in urging that we affirm the trial court. We disagree that the case is controlling.

In IAFF, 146 Wn.2d at 41, our Supreme Court affirmed an award under RCW 49.48.030 of attorney fees incurred in a grievance arbitration proceeding. The City of Everett had suspended two members of a local fire fighters' union. Id. at 32. The union brought a grievance proceeding against the City, arguing that the suspensions violated the union's collective bargaining agreement with the City. Id. As provided for in the CBA, the parties submitted the grievance to arbitration. Id. The arbitrator ruled that the suspensions violated the CBA, ordered the City to set aside the suspensions, and awarded back pay. Id. Following the arbitration, the union requested that the City pay the attorney fees incurred challenging the suspensions. Id. at 33. The City refused and the union filed suit in superior court, seeking an award of attorney fees under RCW 49.48.030. Id. Ruling on cross motions for summary judgment, the trial court denied the union's motion, granted the City's motion, and dismissed the union's

claim for attorney fees. Id. On appeal, we reversed and held that the union was entitled to attorney fees under the statute. Id. Our Supreme Court granted certiorari and affirmed. Id. at 41.

The Supreme Court held that a grievance arbitration for back pay is an "action" for a "judgment for wages or salary" within the meaning of RCW 49.48.030. Id. at 34. The Court determined that the plain meaning of the term "action," as used in the statute, included any judicial proceeding. Id. at 40-41. It explained that arbitration proceedings have often been held to be "judicial" in nature, at least in part because arbitrators, when acting under the broad authority granted them by the parties and the statutes, become the judges of both law and fact. Id. at 37-38. Thus, an arbitration is often a substitute for judicial action in the courts and, where a party recovers wages in an arbitration proceeding, attorney fees are available under RCW 49.48.030. Id.

The Union contends there is no meaningful distinction between an arbitration hearing and ULP proceedings before the PERC because both are quasi-judicial proceedings. The Union points out that in the ULP proceeding below the parties presented witnesses, subjected such witnesses to cross examination, and presented documentary evidence, and that the relief it sought was the recovery of wages. But the court in IAFF was careful to distinguish between arbitration proceedings and proceedings before administrative tribunals. Id. at 42, n.11. In so doing, it specifically cited Cohn, 78 Wn. App. 65, 67 n.5.

> Because Cohn addressed an appeal from a government agency, not
> an arbitration proceeding, it is distinguishable. In holding that the
> Board and the superior court had no authority to award attorney fees,

Cohn was primarily relying on the statutory authority granted to the Board in chapter 41.64 RCW and Title 358 WAC. These statutes and rules apply to proceedings before the Board and not to labor arbitration proceedings. In fact, the court in Cohn explicitly acknowledged Division One's extension of RCW 49.48.030 to arbitration proceedings, while still rejecting it in the context of the Board.

IAFF, 146 Wn.2d at 42–43 (citations and footnote omitted).

Moreover, there are material distinctions between the arbitration in IAFF and the administrative proceeding in this case. In deciding the matter before it, the arbitrator in IAFF had relatively unbridled authority to apply the law and fashion remedies. The PERC, on the other hand, was strictly limited to the issues, procedures, and remedies prescribed in its governing statutes and regulations. The distinction between arbitration and administrative proceedings is particularly evident when considering an arbitrator's broad authority to award attorney fees as compared to an administrative agency, which only has such authority as specifically delegated to it by the legislature, or as otherwise necessary to fulfill its legislative purpose. And while, as discussed above, PERC has authority to award attorney fees in certain extraordinary circumstances, it is undisputed, and the trial court acknowledged, that no such circumstances exist in this case.

We find Cohn to be dispositive. There, a Department of Corrections (DOC) employee appealed a disciplinary action against him to the Personnel Appeals Board. Cohn, 78 Wn. App. at 65. The hearing examiner reversed the disciplinary action and found the employee was entitled to back pay. Id. The DOC appealed

7

the decision to the Board, which remanded the case to the examiner. Id. On remand, the employee requested attorney fees pursuant to RCW 49.48.030. Id. The examiner affirmed the reversal of the disciplinary action, but denied the employee's request for attorney fees, concluding that it lacked statutory authority to award such fees. Id. The employee appealed the decision to the superior court and requested attorney fees incurred in both the administrative proceeding and the superior court action. Id. The trial court affirmed the decision of the Board and denied the employee's request for attorney fees and costs. Id.

On appeal, we acknowledged the remedial nature of RCW 49.48.030, but found that "persuasive reasons exist to prohibit the judicial expansion of the scope of the statute" in the context of proceedings arising from administrative action. Id. at 67. We held that, because the Board did not have the authority to award attorney fees to the employee, the superior court similarly lacked authority to make such an award. Id. at 69-70.

We reached a similar result in Trachtenberg v. Washington State Dep't of Corrections, 122 Wn. App. 491, 93 P.3d 217 (2004), decided after IAFF.[1] That case involved another DOC disciplinary proceeding and subsequent appeal to the Personnel Appeals Board. Trachtenberg 122 Wn. App. at 493. As in Cohn, the Board reversed the DOC's decision to dismiss an employee and reinstated the employee with back pay. Id. The employee then filed suit in superior court for attorney fees and costs incurred during the administrative appeal, citing RCW

---

[1] We note that only the amicus curiae, Washington State Office of the Attorney General, cited or discussed Cohn or Trachtenberg. The Union has neither attempted to distinguish those cases from this case nor explicitly argued that either case is no longer good law.

49.48.030. Id. On cross-motions for summary judgment, the trial court determined that Cohn controlled and the employee could not recover attorney fees under the statute. Id. We affirmed, concluding that an administrative proceeding is not an "action" for a "judgment for wages" within the meaning of RCW 49.48.030. We also held, as we did in Cohn, that on review of an administrative order, the trial court had no authority to award attorney fees incurred in the administrative proceeding where the administrative agency lacked authority to do so under the governing statutory framework.[2] Id. at 496-97.

We conclude it was error for the trial court to award attorney fees incurred in an ULP proceeding because such a proceeding is not an "action" for a "judgment for wages" within the meaning of RCW 49.48.030. In addition, even if the trial court had authority under RCW 49.48.030, it exceeded its authority here because the extraordinary circumstances necessary for an award of attorney fees under the PERC's governing statute, RCW 41.56.160, were absent. Accordingly, the award must be reversed.

*Reverse.*

WE CONCUR:

---

[2] But we acknowledged that, where an employee brings a lawsuit to recover lost wages, as opposed to initiating administrative proceedings, attorney fees and costs under RCW 49.48.030 are generally available. Id. at 497-98.