

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

GEORGIANA ARNOLD,

        Appellant,

    v.

CITY OF SEATTLE, d/b/a HUMAN
SERVICES DEPARTMENT,

        Respondent.

No. 71445-7-I

DIVISION ONE

PUBLISHED OPINION

FILED: March 23, 2015

BECKER, J. — RCW 49.48.030 provides for an award of reasonable attorney fees in any action in which a person successfully recovers judgment for wages or salary owed. A person may seek an award of attorney fees from the superior court under this statute upon winning an appeal to a city civil service commission that results in an order for back pay.

Appellant Georgiana Arnold was employed as a manager of services development and contracts with the Aging and Disabilities Services division of the city of Seattle's Human Services Department. In 2010, one of Arnold's subordinates failed to make an adequate inquiry into a whistleblower's complaint about fraud and misappropriation of funds in a program administered by a subcontractor. After a state audit uncovered embezzlement, Arnold's agency

conducted an internal investigation. The resulting report criticized Arnold and two other supervisors for lapses in their supervision.

The deputy director of the department recommended that Arnold be terminated. Arnold, whose performance evaluations had otherwise been excellent, hired counsel and requested a hearing. After the hearing, the director decided against termination and chose instead to demote Arnold from her management position with an annual salary of $85,500 to an entry-level position with an annual salary of approximately $56,000.

Through counsel, Arnold and her subordinate appealed to the Seattle Civil Service Commission. A hearing examiner conducted a lengthy hearing, in which three attorneys participated—one representing the City and one representing each employee. The issue with respect to Arnold was whether the demotion was for justifiable cause. The examiner concluded that demoting Arnold was not consistent with discipline imposed in comparable cases. For example, one of the other supervisors had received a two-week suspension but no demotion. The examiner's written decision reversed Arnold's demotion and converted it to a two-week suspension. The decision reinstated Arnold to her former position and awarded back pay and related employee benefits.

Arnold requested an award of attorney fees. The Seattle Municipal Code provides that an appellant "may be represented at a hearing before the Commission by a person of his/her own choosing *at his/her own expense*." SMC 4.04.260(E) (emphasis added). On this ground, the examiner denied Arnold's request for attorney fees, and the commission affirmed the examiner.

Arnold filed suit in superior court, claiming she was entitled to an award of attorney fees incurred for representation at the civil service hearing. The court granted the City's motion to dismiss the case on summary judgment. Arnold sought direct review in the Supreme Court. The Supreme Court transferred her appeal to this court.

Arnold's claim that she is entitled to an award of attorney fees is based on RCW 49.48.030, as construed by the Supreme Court in International Ass'n of Fire Fighters, Local 46 v. City of Everett, 146 Wn.2d 29, 42 P.3d 1265 (2002). The statute provides as follows:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

This attorney fee statute, first enacted in 1888, took its current form in 1971. It is a remedial statute construed liberally in favor of employees. Fire Fighters, 146 Wn.2d at 34-35. Part of a "comprehensive scheme to ensure payment of wages," the attorney fee statute provides employees both an incentive and a means to pursue their claims to unpaid wages or salary. Schilling v. Radio Holdings, Inc., 136 Wn.2d 152, 157, 961 P.2d 371 (1998). "One of the primary purposes of remedial statutes like RCW 49.48.030 is to allow employees to pursue claims even though the amount of recovery may be small." Fire Fighters, 146 Wn.2d at 50; see also Schilling, 136 Wn.2d at 159. Public

employees are included within the fee provision. RCW 49.48.080; McIntyre v. State, 135 Wn. App. 594, 599, 141 P.3d 75 (2006).

Because the statute is interpreted liberally in favor of employees, the "action" in which the person is successful "in recovering judgment for wages or salary owed" is not restricted to lawsuits filed in a court. So in Fire Fighters, the Supreme Court held that a grievance arbitration proceeding was sufficiently judicial in nature to qualify as an "action" under RCW 49.48.030.

> Because RCW 49.48.030 is a remedial statute, which must be construed to effectuate its purpose, we find no reason to not interpret "action" to include arbitration proceedings. A restrictive interpretation of "action" would preclude recovery of attorney fees in cases involving arbitration even though the employee is successful in recovering wages or salary owed. Thus, it would be inconsistent with the legislative policy in favor of payment of wages due employees.

Fire Fighters, 146 Wn.2d at 41.

In Fire Fighters, the city of Everett had suspended two union members without pay. The union, represented by counsel, argued at a two-day arbitration hearing that the suspensions violated the collective bargaining agreement. The arbitrator agreed and ordered the city to set aside the suspensions and to award back pay. The city abided by the arbitrator's decision but refused to pay the union's attorney fees. The union brought suit in superior court and obtained an award of fees.

The city of Everett appealed and attempted to rely, in part, on Cohn v. Department of Corrections, 78 Wn. App. 63, 895 P.2d 857 (1995). Cohn upheld a superior court's decision to deny an award of attorney fees requested by a state employee whose reduction in pay was reversed by the Personnel Appeals

4

Board. The court observed that in chapter 41.64 RCW, the legislature intended to create a comprehensive scheme for aggrieved employees but did not list attorney fees as one of the "rights and benefits" available. Cohn, 78 Wn. App. at 67-69. Since the statutes governing the Board did not explicitly provide for attorney fees, the court determined that the Board lacked authority to award them. The central rationale of Cohn was that because the Board did not possess express or implied authority to award attorney fees, the reviewing court likewise lacked such authority, notwithstanding RCW 49.48.030. Cohn, 78 Wn. App. at 69-70. A related rationale was that the superior court itself did not increase the amount of back pay owed to the employee and therefore its decision simply affirming the Board's decision could not be a "judgment for wages or salary owed" within the meaning of RCW 49.48.030. Cohn, 78 Wn. App. at 70-71.

In Fire Fighters, the Supreme Court found Cohn distinguishable because it addressed an appeal from a government agency rather than an arbitration. The court determined that the superior court properly awarded attorney fees under RCW 49.48.030 for the union's successful recovery of wages in the arbitration. The award of fees was "for the arbitration proceeding and all superior and appellate court proceedings in this matter." Fire Fighters, 146 Wn.2d at 52.

The Supreme Court explicitly declined to address whether RCW 49.48.030 would apply to administrative or quasijudicial proceedings other than arbitration. Fire Fighters, 146 Wn.2d at 42 & n.11. Arnold's appeal presents that question. Arnold contends that applying the statute to cover the attorney fees

5

she incurred in her successful appeal to the civil service commission is a proper extension of Fire Fighters.

The City responds that Cohn is still good law. According to the City, the superior court's denial of an award of attorney fees to Arnold was justified by both of the Cohn rationales: the civil service code does not include payment of attorney fees among the remedies available to a successful appellant, and Arnold did not obtain a "judgment" in superior court for an increased amount of back pay.

The City points out that this court has followed Cohn even after Fire Fighters. For example, we followed Cohn in Trachtenberg v. Department of Corrections, 122 Wn. App. 491, 496, 93 P.3d 217, review denied, 103 P.3d 801 (2004). The appellant, a state employee, became entitled to an award of back pay as a result of his successful appeal to the state Personnel Appeals Board. He filed suit in superior court seeking an award of attorney fees under RCW 49.48.030. The superior court dismissed the suit following Cohn, and we affirmed, holding that RCW 49.48.030 "does not apply to state disciplinary appeals because the Board has limited authority and a Board appeal is not an action for a judgment for wages owed." Trachtenberg, 122 Wn. App. at 493. Noting that Fire Fighters did not "explicitly overrule" Cohn, we concluded that Cohn's central rationale remained intact: "attorney fees cannot be awarded under RCW 49.48.030 for an appeal of a disciplinary action to the Board because of the limited statutory authority granted to the Board." Trachtenberg, 122 Wn. App. at 495 & n.1.

6

The Cohn rationale was not followed by the next Court of Appeals case to address the issue, McIntyre v. State, 135 Wn. App. 594. In McIntyre, an employee of the Washington State Patrol was terminated upon the recommendation of a trial board within the agency. Her appeal to superior court under the Administrative Procedure Act, chapter 34.05 RCW, was unsuccessful, but further appeal to the Court of Appeals resulted in reinstatement and an award of back pay and lost benefits. The employee then brought suit in superior court under RCW 49.48.030 to recover the attorney fees she incurred in appealing her termination order. The superior court dismissed the suit, and the employee appealed. The State argued, based on Cohn and Trachtenberg, that the right to attorney fees under RCW 49.48.030 depends on whether attorney fees are among the remedies the administrative agency is statutorily authorized to grant. This argument did not prevail in the Court of Appeals. McIntyre, 135 Wn. App. at 602 ("State's argument that a single statutory remedy is self-limiting is not convincing"). The court reversed and remanded for an award of the fees requested after focusing its analysis on Fire Fighters as well as Hanson v. City of Tacoma, 105 Wn.2d 864, 719 P.2d 104 (1986).

Here, the City urges us to adhere to Cohn and Trachtenberg and hold that when a civil service employee recovers back pay under an administrative scheme that does not include attorney fees as a remedy, the employee may not institute a lawsuit solely to recover attorney fees under RCW 49.48.030. That limitation is acceptable, the City argues, because in exchange, the civil service

7

employee receives the right to a low cost and speedy civil service forum, a right not available to an at-will employee who must go to court to recover wages.

Arnold's successful effort before the commission to win reinstatement and back pay cannot fairly be described as low cost when the hearing went on for eight days and the City alone presented 11 witnesses. But more importantly, the City is simply wrong in its suggestion that RCW 49.48.030 protects only "at-will" employees. Even before Fire Fighters, the Supreme Court approved a superior court's decision to award attorney fees under RCW 49.48.030 to a successful civil service appellant. Hanson, 105 Wn.2d at 872. Similarly in McIntyre, the employee recovered back wages through an administrative appeal that would not have been available to an at-will employee, yet the court applied RCW 49.48.030. In short, the applicability of RCW 49.48.030 is not limited to at-will employees either by its own text or by case law.

Normally, we would expect to follow our own precedent in Trachtenberg. But this court now has in McIntyre a post-Fire Fighters decision concluding that remedies offered by an administrative agency are not "self-limiting" and thus do not exclude the application of RCW 49.48.030. In view of that conflict, we conclude it is appropriate to reexamine Trachtenberg,[1] which also requires reexamining Cohn.[2] Like the McIntyre court, we conclude our focus should be on

---

[1] There was a petition for review in Trachtenberg, but it was denied as untimely.

[2] The City has cited as supplemental authority this court's recent decision in International Union of Police Ass'n, Local 748 v. Kitsap County, 183 Wn. App. 794, 333 P.3d 524 (2014). There, the issue of attorney fees under RCW 49.48.030 arose in connection with a union's complaint about an unfair labor practice. This court held that notwithstanding Fire Fighters, an unfair labor

the pertinent Supreme Court cases—Hanson and Fire Fighters—rather than on our own.

As discussed above, Hanson affirmed a superior court's award of attorney fees to a city employee who had obtained an award of back pay from the Tacoma Civil Service Board. To conclude that a superior court cannot make an award of fees under RCW 49.48.030 in an administrative appeal unless the agency itself is authorized to award attorney fees, the Cohn court had to distinguish Hanson. It did so by observing that in Hanson, the superior court's review of the administrative board's decision resulted in a wage recovery not granted in the administrative forum. Thus, according to Cohn, the superior court in Hanson did enter a "judgment for wages," while the superior court in Cohn did not. Cohn, 78 Wn. App. at 70-71.

The argument that a "judgment for wages" occurs only when at least some portion of the wage recovery is obtained in the superior court action is no longer viable after Fire Fighters, where the Supreme Court expressly disagreed with Cohn's reading of Hanson. Fire Fighters, 146 Wn.2d at 43. In Fire Fighters, the court refused to limit the recovery of attorney fees to the same "action" in which

_____

practice proceeding is not an action for a judgment for wages under RCW 49.48.030. The opinion describes as "dispositive" Cohn's reasoning that where an administrative agency does not have the authority to make an award of attorney fees, the superior court similarly lacks such authority. Local 748, 183 Wn. App. at 800-01. We need not address Local 748 separately to the extent that it represents a continuation of the Cohn approach, which we have fully discussed above. Possibly, the result in Local 748 is sustainable on an alternative ground if the unfair labor practice appeal can be distinguished in the same way that Fire Fighters distinguished interest arbitrations from grievance arbitrations. Fire Fighters, 146 Wn.2d at 47.

9

the wages were recovered. "As discussed above, the Hanson court made it clear that the *nature* of the proceeding did not affect the availability of attorney fees to an employee who is successful in recovering wages or salary owed." Fire Fighters, 146 Wn.2d at 43.

Discussing Fire Fighters in Trachtenberg, we said that the Supreme Court's disagreement with Cohn's reading of Hanson was "not material to the issues we have here." Trachtenberg, 122 Wn. App. at 495 & n.1. That was incorrect. As discussed above, it was only by distinguishing Hanson that the Cohn court was able to hold that an administrative scheme with limited remedies precludes application of RCW 49.48.030. That distinction did not survive Fire Fighters, as noted above. The "*nature* of the proceeding"—administrative appeal, arbitration, or superior court action—does not control the availability of an award of attorney fees. Fire Fighters, 146 Wn.2d at 43.

In Trachtenberg, we also said that an appeal to a civil service board cannot be an "action" for a "judgment for wages" within the meaning of RCW 49.48.030:

> Moreover, an appeal to the Board is not an "action" for a "judgment for wages." As noted above, a civil service employee may administratively "appeal" a disciplinary decision and may not bring an independent "action" to challenge the disciplinary decision. Additionally, the Board may enter only an "order" and not a "judgment." In Fire Fighters, the Supreme Court found "no reason to not interpret 'action' to include arbitration proceedings." Fire Fighters, 146 Wn.2d at 41. Arbitration proceedings are often substitutes for court proceedings. Administrative appeals, on the other hand, are not substitutes for independent court proceedings. Additionally, administrative agencies, like the Board, do not have authority to determine issues outside of their delegated functions. Tuerk v. Dep't of Licensing, 123 Wn.2d 120, 125, 864 P.2d 1382 (1994). The legislature did not give a civil service employee the

10

right to bring an independent action or suit to challenge a disciplinary decision and did not give the Board the authority to enter a judgment or award attorney fees. Because of the limitations placed on appeals to the Board, we conclude that the legislature did not intend RCW 49.48.030 to apply to disciplinary challenges before the Board. The Cohn court's reasoning on this issue is sound.

Trachtenberg, 122 Wn. App. at 496-97.

The fact that the decision of an administrative board such as a civil service commission is called an "order" rather than a "judgment" is an unsatisfactory basis on which to distinguish a civil service appeal from the grievance arbitration considered in Fire Fighters. Fire Fighters established that the meaning of the word "action" in RCW 49.48.030 is not restricted to a proceeding in a court of law. Fire Fighters, 146 Wn.2d at 38-41. The analysis turned instead on whether the arbitration was "an exercise of a judicial function." Fire Fighters, 146 Wn.2d at 38. The court found that "action" includes arbitration proceedings. Fire Fighters, 146 Wn.2d at 41. The court similarly had no difficulty in deeming the arbitration award equivalent to a "judgment" because it was the final determination of the rights of the parties in the "action." Fire Fighters, 146 Wn.2d at 36 n.8, quoting 49 C.J.S. JUDGMENTS § 2, at 51-52 (1997).

The City's brief in the present case maintains that a civil service appeal is not an "action" because it is not judicial in nature and the civil service commission's resolution of an appeal cannot be a "judgment" because it is not signed by a judge. The dissenters in Fire Fighters made the same argument about arbitration, but they did not carry the day. Fire Fighters, 146 Wn.2d at 52-54. The City simply does not address the Fire Fighters majority's lengthy

11

discussion of "action" and "judgment" that requires these terms to be interpreted functionally and liberally. Fire Fighters, 146 Wn.2d at 36-41. The same failing is evident in Trachtenberg. Arnold's appeal demonstrates that Trachtenberg is inconsistent with Hanson, Fire Fighters, McIntyre, and the long line of cases requiring that RCW 49.48.030 be given a liberal interpretation in keeping with its remedial purpose.

Just as the Fire Fighters court found no reason to interpret "action" as excluding arbitration proceedings, we find no reason to interpret it as excluding civil service appeals. Like an arbitration, such an appeal is judicial in nature. This conclusion is supported by the Rules of Practice and Procedure for the Seattle Civil Service Commission. Under rules 5.13 and 5.15 respectively, the parties had the right to cross-examine witnesses and present evidence. We hold that "action" as used in RCW 49.48.030 includes civil service appeals in which wages or salary owed are recovered. The decision of the commission awarding Arnold back pay was equivalent to a "judgment" as that term was interpreted in Fire Fighters.

The Fire Fighters court affirmed a superior court's decision to award attorney fees in an arbitration proceeding without inquiring whether the arbitrator had authority to award attorney fees. Similarly, we find no reason to hold that a superior court's authority to award attorney fees incurred in an administrative proceeding depends on whether the administrative agency had authority to award attorney fees.

12

Following <u>Fire Fighters</u>, we conclude it is irrelevant that the commission itself is not authorized to award attorney fees to an employee who recovers wages in a successful appeal. The authority for the award of fees is found in RCW 49.48.030. The superior court may exercise that authority in a separate suit brought by the employee solely for the purpose of vindicating the statutory right.

We grant Arnold's request to remand to superior court for an award of attorney fees under RCW 49.48.030 for the appeal to the commission and for all superior and appellate court proceedings in this matter. <u>See</u> <u>Fire Fighters</u>, 146 Wn.2d at 52.

The City claims the fees incurred by Arnold were unreasonable. We take no position on the amount of fees to which Arnold is entitled or the methodology by which they should be calculated. Such matters are left to the superior court to determine in further proceedings.

Reversed.

Becker, J.

WE CONCUR:

Cox, J.

13