[No. 53021-6-I.   Division One.   July 12, 2004.]

LLOYD TRACHTENBERG, *Appellant*, v. THE DEPARTMENT OF CORRECTIONS, *Respondent*.

---

*Brian C. Dale*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Lawrence W. Paulsen* and *Kara A. Larsen, Assistants*, for respondent.

COLEMAN, J. — The State Personnel Appeals Board (Board) has exclusive jurisdiction to hear civil service employee disciplinary appeals. As an administrative agency, the Board has only the authority delegated to it by the legislature. The legislature did not include attorney fees in the enumerated list of remedies available for Board appeals. Here, a civil service employee sought attorney fees for a successful Board appeal under RCW 49.48.030, which provides for an award of attorney fees when an employee brings an action to recover wages owed. We hold that RCW

49.48.030 does not apply to state disciplinary appeals because the Board has limited authority and a Board appeal is not an action for a judgment for wages owed.

## FACTS

Lloyd Trachtenberg is a mental health counselor at the Special Offenders Unit of the Monroe Correctional Complex operated by the Department of Corrections (DOC). The DOC fired Trachtenberg because of allegations that he sexually harassed female coworkers and subordinates. Trachtenberg appealed his dismissal to the Board, and the Board reinstated Trachtenberg to a demoted position. As a result, by operation of RCW 41.06.220, Trachtenberg was entitled to back pay. Trachtenberg filed suit in Snohomish County Superior Court seeking attorney fees incurred in his successful Board appeal. On cross-motions for summary judgment, the trial court determined that the holding in *Cohn v. Department of Corrections*, 78 Wn. App. 63, 895 P.2d 857 (1995) controlled and Trachtenberg could not recover attorney fees under RCW 49.48.030. Trachtenberg sought direct review with the Supreme Court. The Supreme Court denied direct review and transferred the case to the Court of Appeals, Division One.

## STANDARD OF REVIEW

Appellate courts review an order granting summary judgment de novo, performing the same inquiry as the trial court. *Ski Acres, Inc. v. Kittitas County*, 118 Wn.2d 852, 854, 827 P.2d 1000 (1992).

## ANALYSIS

RCW 49.48.030 provides attorney fees for employees who must sue in order to collect wages owed from their employers: "In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined

by the court, shall be assessed against said employer or former employer . . . ." In *Cohn*, the court held that public employee disciplinary appeals are not subject to RCW 49.48.030. Cohn, a DOC employee, was disciplined by reducing his pay. Cohn appealed the DOC's disciplinary decision. The hearings examiner reversed the disciplinary action and fully reinstated Cohn's rights and benefits. Thus, by operation of RCW 41.06.220(2), Cohn was entitled to back pay. The Board affirmed the decision and concluded that it did not have the authority to award attorney fees under RCW 49.48.030. Cohn appealed the decision to the superior court and again requested attorney fees. The superior court concluded that because the Board did not have the authority to award attorney fees, it did not either. Cohn appealed and the Court of Appeals affirmed, holding that a state employee is not entitled to attorney fees for a successful appeal of a disciplinary action. The Supreme Court denied review.

Trachtenberg argues that the Washington Supreme Court's holding in *International Association of Fire Fighters Local 46 v. City of Everett*, 146 Wn.2d 29, 42 P.3d 1265 (2002), necessitates an overruling of *Cohn*. In *Fire Fighters*, the city of Everett suspended two members of a local fire fighters' union. The fire fighters' union brought a grievance proceeding against the city, arguing that the suspensions violated the union's collective bargaining agreement with the city. As provided for in the collective bargaining agreement, the parties submitted the grievance to arbitration. The arbitrator ruled that the suspensions violated the collective bargaining agreement, ordered the city to set aside the suspensions, and awarded back pay. The union filed suit in superior court, seeking attorney fees under RCW 49.48.030. The trial court denied the union's request for attorney fees. The Court of Appeals reversed and held that the union was entitled to attorney fees under RCW 49.48.030. The Supreme Court affirmed the award of attorney fees, distinguishing the case from *Cohn*:

> Because *Cohn* addressed an appeal from a government agency, not an arbitration proceeding, it is distinguishable. In holding that the Board and the superior court had no authority to award attorney fees, *Cohn* was primarily relying on the statutory authority granted to the Board in chapter 41.64 RCW and Title 358 WAC. These statutes and rules apply to proceedings before the Board and not to labor arbitration proceedings. In fact, the court in *Cohn* explicitly acknowledged Division One's extension of RCW 49.48.030 to arbitration proceedings, while still rejecting it in the context of the Board.

*Fire Fighters*, 146 Wn.2d at 42-43 (citations and footnote omitted). The court also noted, "Because the issue in this case deals exclusively with attorney fees for an arbitration proceeding, we decline at this time to address whether RCW 49.48.030 would apply to other types of administrative or quasi-judicial proceedings." *Fire Fighters*, 146 Wn.2d at 42 n.11. Thus, the Supreme Court explicitly acknowledged that it was not addressing the situation presented in *Cohn*. The Supreme Court, however, disagreed with a portion of *Cohn* that is not material to the issues we have here.[1]

Because *Fire Fighters* did not explicitly overrule *Cohn*, the issue before us is whether RCW 49.48.030 applies to an administrative appeal of a disciplinary hearing before the Board. The court's primary duty in applying statutes is to determine the intent of the legislature. *Nat'l Elec. Contractors Ass'n v. Riveland*, 138 Wn.2d 9, 19, 978 P.2d

---

[1] As an alternative ground for its decision, the court in *Cohn* concluded that even if the superior court had general authority to award attorney fees, it did not in that case because it did not enter a "judgment for wages or salary owed" but merely affirmed the Board's decision. In support of this argument, the *Cohn* court distinguished *Hanson v. City of Tacoma*, 105 Wn.2d 864, 872, 719 P.2d 104 (1986) where the superior court modified an agency's ruling and awarded a greater total amount of back pay to the employee.

In *Fire Fighters*, the court disagreed with the *Cohn* court's reading of *Hanson*. The court concluded that "[r]eading *Hanson* as limiting the recovery of attorney fees to the same action in which 'wages or salary owed' are awarded would also be inconsistent with awarding attorney fees on appeal pursuant to RCW 49.48.030." *Fire Fighters*, 146 Wn.2d at 43. This criticism does not affect the central holding of *Cohn*, which is that attorney fees cannot be awarded under RCW 49.48.030 for an appeal of a disciplinary action to the Board because of the limited statutory authority granted to the Board.

481 (1999). RCW 49.48.030 provides for an award of attorney fees:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

RCW 49.48.030 is a remedial statute and therefore should be liberally construed to effectuate its purpose. *Fire Fighters*, 146 Wn.2d at 41. Trachtenberg argues that the statutes and regulations governing the Board should not limit the remedial purpose of RCW 49.48.030. The DOC, on the other hand, argues that the limited purpose and scope of the Board statutes and regulations preclude application of RCW 49.48.030 to Board disciplinary appeals.

In 1981, the legislature created the Board and gave it exclusive authority to hear state civil service disciplinary appeals. *See* RCW 41.64.090. Under the statutory framework, the Board can hear "appeals" and can enter "orders." In addition, the Board is given the authority to affirm, reverse, or modify disciplinary decisions. WAC 358-30-050. If the Board reinstates an employee, RCW 41.06.220 applies and the employee is entitled to restoration of back pay, sick leave, vacation accrual, retirement, and OASDI (Old-Age, Survivors, and Disability Insurance) credits. Attorney fees are notably absent from the enumerated remedies available. If the legislature had intended attorney fees to be available for Board appeals, the logical place to include that provision would be in the statutes governing the Board.

Moreover, an appeal to the Board is not an "action" for a "judgment for wages." As noted above, a civil service employee may administratively "appeal" only a disciplinary decision and may not bring an independent "action" to challenge the disciplinary decision. Additionally, the Board may enter only an "order" and not a "judgment." In *Fire Fighters*, the Supreme Court found "no reason to not

interpret 'action' to include arbitration proceedings." *Fire Fighters*, 146 Wn.2d at 41. Arbitration proceedings are often substitutes for court proceedings. Administrative appeals, on the other hand, are not substitutes for independent court proceedings. Additionally, administrative agencies, like the Board, do not have authority to determine issues outside of their delegated functions. *Tuerk v. Dep't of Licensing*, 123 Wn.2d 120, 125, 864 P.2d 1382 (1994). The legislature did not give a civil service employee the right to bring an independent action or suit to challenge a disciplinary decision and did not give the Board the authority to enter a judgment or award attorney fees. Because of the limitations placed on appeals to the Board, we conclude that the legislature did not intend RCW 49.48.030 to apply to disciplinary challenges before the Board. The *Cohn* court's reasoning on this issue is sound:

> While RCW 49.48.030 affords a state employee some right to recover attorney fees, the right does not explicitly apply to an administrative appeal. Because an attorney fee award for a successful administrative appeal is not listed as one of the "rights and benefits" specifically afforded to an aggrieved employee in RCW 41.06.220(2), attorney fees—like interest on back pay—cannot be recoverable in an administrative appeal of state agency disciplinary action. Thus, not only does the Board lack authority to award attorney fees, but a fully reinstated state employee does not appear to possess the right to receive attorney fees after a successful administrative appeal.

*Cohn*, 78 Wn. App. at 69. The DOC acknowledges, and we agree, that an employee may sue the State for unlawfully withholding wages and recover attorney fees under RCW 49.48.030. *See Yates v. State Bd. for Cmty. Coll. Educ.*, 54 Wn. App. 170, 773 P.2d 89 (1989). But that situation is different because there the employee is not appealing a disciplinary decision before the Board. Because of the statutory scheme employed by the legislature, the trial

court correctly concluded that RCW 49.48.030 does not apply to Board appeals.

Affirmed.

BECKER and APPELWICK, JJ., concur.