JOHNSON, J.
 

 ¶ 1 This case challenges a fine imposed on a cemetery for relocating cremains without giving prior notification of its actions to next
 of kin. This case looks at RCW 68.50.140(4) and what it means to act "without authority of law" under that statutory section. It is a class C felony to remove "human remains from a place of interment, without authority of law." RCW 68.50.140(4). Also, RCW 68.50.220 allows cemeteries to move remains around within a cemetery, but they must first notify next of kin of their actions. Southwick Inc., a cemetery owner and operator, disinterred 37 sets of cremains (human cremated remains) without first notifying next of kin of its actions. Cemeteries are statutorily authorized to make their own rules concerning their day-to-day operations under RCW 68.20.060. Southwick claims it was acting under its own rules in disinterring the cremains without notice to family members, so it was acting with "authority of law." Because Southwick's rules cannot supersede state statutes, we affirm the Court of Appeals and hold Southwick was not acting with "authority of law" when it disinterred the cremains and thus violated RCW 68.50.140(4). Additionally,
 we hold that Southwick also violated RCW 68.50.220 for failing to notify next of kin before disinterring the cremains.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2 Forest Cemetery, established in 1857, was operated for many years by the Forest Cemetery Association. In 1947, the association granted the city of Olympia (City) a waterline easement across the property. The City installed a large waterline in the easement that provided the City with its main water supply.
 

 ¶ 3 By the 1980s, the Forest Cemetery Association had disbanded and the cemetery fell into disrepair. Southwick purchased Forest Funeral Home and Cemetery and took over the cemetery operations. Southwick met with the Washington State Funeral and Cemetery Board (Board) and agreed to honor all the existing contracts entered into by the prior owner. It had no knowledge of the City's easement on the property.
 

 ¶ 4 Pursuant to RCW 68.20.060 and 68.24.110, Southwick adopted rules and regulations for its day-to-day operations. Southwick's rule 10(j) states:
 

 The Corporation reserves the right to correct errors made by it in making interments, disinterments or removals.... In the event the error shall involve the interment of the remains of any person in such property, the Corporation reserves and shall have the right to remove and reinter the remains in the property conveyed in lieu thereof.
 

 Admin. Record (AR) at 86, 112. At some point, Southwick created the Devotion Urn Garden in an area immediately adjacent to a large monument, constructed by the cemetery's previous owner. Southwick entered into contracts for cremains to be buried in small plots in this urn garden.
 

 ¶ 5 On August 25, 2011, the City advised Southwick of its waterline easement that ran through the cemetery and requested Southwick remove any obstructions in the easement
 area. After the City performed a survey, Southwick realized it had placed the urn garden in the easement. Southwick then moved the urn garden about nine feet to relocate it outside the easement area. The garden and relationship of the plots within retained the same alignment.
 

 ¶ 6 A granddaughter of two people whose cremains had been buried in the urn garden filed a complaint that Southwick had moved the cremains without providing advance notice of their relocation. On August 26, 2014, the Department of Licensing (Department)
 
 [1]
 
 issued a statement of charges against Southwick, alleging Southwick had violated RCW 68.24.060,
 
 [2]
 
 68.50.200,
 
 [3]
 
 and 68.50.220. Only the last alleged violation is relevant to this case as it stands before us. RCW 68.50.220 provides:
 

 RCW 68.50.200 and 68.50.210 do not apply to or prohibit the removal of any human remains from one plot to another in the same cemetery or the removal of [human] remains by a cemetery authority from a plot for which the purchase price is past due and unpaid, to some other suitable place; nor do they apply to the disinterment of human remains upon order of court or coroner. However, a cemetery authority shall provide notification to the person cited in RCW 68.50.200 before moving human remains.
 

 (Alteration in original.)
 

 ¶ 7 Both parties moved for summary judgment. On October 29, 2015, a presiding officer of the Board held that Southwick had violated RCW 68.50.140(1),
 
 [4]
 
 which provides,
 "Every person who shall remove human remains, or any part thereof, from a grave, vault, or other place where the same has been buried ... without authority of law ... is guilty of a class C felony." The Department had not alleged a violation of that statute. The presiding officer also found Southwick had committed unprofessional conduct under RCW 18.235.130(8) due to its violation of RCW 68.50.140.
 

 ¶ 8 Southwick filed a motion for reconsideration by the Board of the presiding officer's summary judgment order alleging a due process violation, which is not before us,
 
 [5]
 
 and arguing that it had not violated RCW 68.50.140 because it was not acting without "authority of law."
 

 ¶ 9 After a hearing on Southwick's motion for reconsideration, the Board entered a final order affirming the summary judgment order, holding Southwick had violated RCW 68.50.140 and RCW 68.24.060 and thus engaged in unprofessional conduct under RCW 18.235.130(8). It imposed a fine of $7,500, as well as a requirement to attempt notification of next of kin and placement of notice in the local newspaper for three days.
 

 ¶ 10 Southwick petitioned Thurston County Superior Court for review of agency action under the Administrative Procedure Act (APA), chapter 34.05 RCW, alleging that the Board had misapplied RCW 68.50.140 and 68.24.060 and that its ruling was not supported by substantial evidence. RCW 34.05.570(3)(d), (e). The superior court affirmed the Board's final order. The Court of Appeals, Division Two, also affirmed the RCW 68.50.140 violation, holding that Southwick's internal rules and regulations did not provide "authority of law" for purposes of RCW 68.50.140.
 

 Southwick, Inc. v. Wash. State Funeral & Cemetery Bd.,
 

 200 Wash. App. 890
 
 , 893,
 
 403 P.3d 934
 
 (2017). The court reversed the Board's finding of a RCW 68.24.060 violation and remanded to the Board with instructions to reconsider appropriate discipline of Southwick for its violations.
 

 ¶ 11 Southwick appealed both the due process and the "authority of law" issues to this court. We granted review of only the "authority of law" issue.
 
 Southwick, Inc. v. Wash. State Funeral & Cemetery Bd.,
 

 190 Wash.2d 1001
 
 ,
 
 412 P.3d 1260
 
 (2018).
 

 ISSUE
 

 ¶ 12 Whether Southwick was acting with "authority of law" when it moved the cremains in response to the City's request without notifying next of kin.
 

 ANALYSIS
 

 ¶ 13 Our review of the Board's final order is governed by the APA. RCW 34.05.570. As relevant to this case, we may reverse the Board's order if it is based on an error of law or if it is unsupported by substantial evidence. RCW 34.05.570(3)(d), (e).
 

 ¶ 14 We review issues of statutory interpretation and an agency's conclusions of law de novo.
 
 Jametsky v. Olsen,
 

 179 Wash.2d 756
 
 , 761,
 
 317 P.3d 1003
 
 (2014) (citing
 
 Dep't of Ecology v. Campbell & Gwinn, LLC,
 

 146 Wash.2d 1
 
 , 9,
 
 43 P.3d 4
 
 (2002) );
 
 Ames v. Dep't of Health, Med. Quality Assur. Comm'n,
 

 166 Wash.2d 255
 
 , 260,
 
 208 P.3d 549
 
 (2009) (citing
 
 Kellum v. Dep't of Ret. Sys.,
 

 61 Wash. App. 288
 
 , 291,
 
 810 P.2d 523
 
 (1991) ). However, we give substantial weight to an agency's interpretation of the law it administers, especially when the issue falls within the agency's expertise.
 
 Haley v. Med. Disciplinary Bd.,
 

 117 Wash.2d 720
 
 , 728,
 
 818 P.2d 1062
 
 (1991) (citing
 
 St. Francis Extended Health Care v. Dep't of Soc. & Health Servs.,
 

 115 Wash.2d 690
 
 , 695,
 
 801 P.2d 212
 
 (1990) ). In this case, the Board is charged with administering the statutes in chapter 68.50 RCW.
 RCW 68.05.090. Thus, the issue in this case is within its expertise, and we accord its interpretation substantial weight.
 

 ¶ 15 RCW 68.50.140(4) provides, "Every person who removes, disinters, or mutilates human remains from a place of interment, without authority of law, is guilty of a class C felony."
 
 [6]
 
 RCW 18.235.130(8) makes it unprofessional conduct to violate any provision of chapter 68.50 RCW, and RCW 18.235.110(1)(h) empowers the Board to impose civil penalties, including monetary penalties up to $5,000 per violation.
 

 ¶ 16 Chapter 68.50 RCW provides some exceptions and defenses (or authorization) to this general prohibition on disinterring human remains. Remains may be disinterred with a surviving family member's consent or, if a relative's consent cannot be obtained, by court order. RCW 68.50.200. These requirements do not apply when a cemetery authority moves remains within a cemetery, but "a cemetery authority shall provide notification to the [next of kin] before moving human remains." RCW 68.50.220. The basis for the statutory violations in this case is not giving statutorily required notification to next of kin before disinterring the cremains. Under RCW 68.50.140(4) and 68.50.220, a violation of .140(4) may also be a violation of .220; the lack of prior notice is common to both. Conversely, notice by a cemetery before disinterment in accordance with .220 is a defense to a violation of .140(4).
 

 ¶ 17 Southwick argues it acted pursuant to its own rule 10(j) when it moved the cremains to correct the error of interment within the easement area.
 
 [7]
 
 RCW 68.20.060 empowers
 cemetery authorities to "make ... and enforce rules and regulations for the use, care, control, management, restriction and protection of all or any part of its cemetery." RCW 68.56.060 gives cemetery authorities "the authority of a police officer for the purpose of ... enforcing the rules and regulations of the cemetery association, the laws of the state, and the ordinances of the city or county, within the cemetery over which he or she has charge." RCW 68.24.110 authorizes cemeteries to "sell and convey plots or rights of interment subject to the rules in effect or thereafter adopted by the cemetery authority." Given this statutory authority to create, implement, and enforce its own operating rules, Southwick argues that it was acting with "authority of law" when it disinterred the cremains pursuant to its rules and thus did not violate RCW 68.50.140(4).
 

 ¶ 18 Southwick relies on language from
 
 State v. Gunwall,
 

 106 Wash.2d 54
 
 ,
 
 720 P.2d 808
 
 (1986) for its definition of "authority of law." In that case, we defined "authority of law" as including any "authority granted by a valid ... statute, the common law or a rule of this court."
 
 Gunwall,
 

 106 Wash.2d at 68-69
 
 ,
 
 720 P.2d 808
 
 . This definition does not help Southwick for two reasons. First, Southwick's operating rules are not statutes, part
 of the common law, or a rule of the court. Therefore, per the
 
 Gunwall
 
 language, Southwick's rules are not "authority of law." Southwick argues that it sold interment rights pursuant to contracts that incorporated these rules, which it argues are
 
 common law
 
 contract rights. This argument strains to place its rules within the
 
 Gunwall
 
 language, but Southwick, simply stated, cannot contract to evade statutory requirements. Parties may not contract around existing state law, and Southwick's argument that its rules establish authority of law fails.
 ¶ 19 Second,
 
 Gunwall
 
 defines the "authority of law" required by article I, section 7 of the Washington Constitution as it relates to search and seizure law.
 
 [8]
 
 By contrast, the "authority of law" in this case is provided by the specific statutes establishing exceptions to chapter 68.50 RCW's general prohibition on disinterment. Under the statutory exceptions, remains may be disinterred with the consent of a specified family member or, if familial consent cannot be obtained, by superior court order. RCW 68.50.200. Another exception is that cemeteries may move remains from one plot to another without consent, but they must notify next of kin before doing so. RCW 68.50.220. These statutes therefore establish the "authority of law" to disinter human remains within the statutory framework, and prior notification is the basic rule to which the exceptions apply.
 

 ¶ 20 Southwick offers no case law supporting its argument that its rule making authority includes the authority to make rules that conflict with state statutes. The Department, on the other hand, cites numerous authorities holding that legislatively delegated rule making authority does not permit an agency, municipality, or corporation to make rules that conflict with existing state law. RCW 23B.03.020(2)(c) (corporations may not adopt bylaws inconsistent with state law);
 
 Arnold v. City of Seattle,
 

 185 Wash.2d 510
 
 , 528,
 
 374 P.3d 111
 
 (2016) (" 'A local regulation conflicts with state law where it permits what state law forbids or forbids what state law permits.' " (quoting
 
 State v. Kirwin,
 

 165 Wash.2d 818
 
 , 825,
 
 203 P.3d 1044
 
 (2009) ) );
 
 Bostain v. Food Express, Inc.,
 

 159 Wash.2d 700
 
 , 716,
 
 153 P.3d 846
 
 (2007) ("deference to an agency's interpretation is never appropriate when the agency's interpretation conflicts with a statutory mandate");
 
 Edelman v. State ex rel. Pub. Disclosure Comm'n,
 

 152 Wash.2d 584
 
 , 591,
 
 99 P.3d 386
 
 (2004) ("An agency may not promulgate a rule that amends or changes a legislative enactment." (citing
 
 State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n,
 

 140 Wash.2d 615
 
 , 634,
 
 999 P.2d 602
 
 (2000) ) );
 
 Brown v. City of Yakima,
 

 116 Wash.2d 556
 
 , 561,
 
 807 P.2d 353
 
 (1991) (an "ordinance may also violate Const. art. 11, § 11 if it directly and irreconcilably conflicts with the statute" (citing
 
 Kennedy v. City of Seattle,
 

 94 Wash.2d 376
 
 , 383-84,
 
 617 P.2d 713
 
 (1980) ) ). We agree.
 

 ¶ 21 Southwick argues that the Court of Appeals' interpretation of RCW 68.50.140 threatens to undermine the efficacy of cemetery-issued rules across the state.
 
 [9]
 
 It also argues that the court's interpretation "emasculates"-or, in our words, "disempowers"-the trifecta of statutes allowing cemeteries to create, implement, and enforce these rules. However, the opposite seems true-Southwick's position undermines the efficacy of Washington's disinterment statutes. Southwick argues the legislature has granted cemeteries authority independent of other statutes, but this is not so. Through RCW 68.20.060, the legislature permits cemeteries to adopt and enforce internal rules and regulations consistent with, not independent of, state law. Importantly, nowhere under the statutory scheme is the express notice requirement established under RCW 68.50.220 excused.
 

 ¶ 22 As the Department points out, if cemetery rules superseded state statutes, cemeteries could adopt rules exempting themselves from every statute governing cemetery operations, such as the statute prohibiting cemeteries from refusing to bury a nonwhite person. RCW 68.50.035. Nothing
 in RCW 68.20.060 or 68.24.110 acts to relieve cemetery authorities of the obligation to comply with state law. Under Southwick's interpretation of the statutory framework, RCW 68.50.220 would be meaningless. A statutory scheme establishing and governing disinterment requirements cannot be interpreted to allow cemeteries to
 create rules by contract exempting themselves from complying with those same statutes.
 

 ¶ 23 Southwick also argues that RCW 68.50.140(4) does not apply to its case's facts. Under the statute, a person is guilty of a class C felony if he or she removes "human remains from a place of interment, without authority of law." "Interment" is statutorily defined as "the placement of human remains in a cemetery." RCW 68.04.100. Given this definition, Southwick argues that "place of interment" means a cemetery in general. Therefore, to violate the statute, Southwick would have had to remove the cremains from the cemetery. We reject this argument. A "place of interment" is more specific than "interment" and means the particular place remains are buried, such as a plot within a cemetery.
 

 ¶ 24 RCW 68.50.140(4) must also be read in conjunction with RCW 68.50.220, which addresses a cemetery's ability to move remains within the boundaries of a cemetery. Under .220, a cemetery under specific circumstances may not need permission to disinter and relocate remains within the cemetery. However, the statute mandates that the cemetery
 
 shall
 
 provide notice to next of kin before moving remains within a cemetery. The notice requirement is mandatory and applies to cemeteries, and Southwick cannot dispute it failed to notify family members before moving the cremains. Therefore, Southwick was not acting with the authority of law provided by RCW 68.50.220 that would have exempted it from RCW 68.50.140 's general prohibition of disinterring remains.
 

 ¶ 25 We affirm the Court of Appeals and hold that Southwick was not acting with "authority of law" when it disinterred the cremains without giving prior statutory notification. Because the facts are undisputed, we hold Southwick also violated RCW 68.50.220 by failing to notify next of kin before relocating the cremains within the cemetery. RAP 2.5(a) ;
 
 LaMon v. Butler,
 

 112 Wash.2d 193
 
 , 200-01,
 
 770 P.2d 1027
 
 (1989) ("an appellate court can
 sustain the trial court's judgment upon any theory established by the pleadings and supported by the proof, even if the trial court did not consider it"). These violations also establish unprofessional conduct under RCW 18.235.130(8), supporting the decision by the Board. As referenced, the Court of Appeals vacated one violation and remanded with instructions to reconsider the appropriate sanction. We affirm the Court of Appeals and remand to the Board for reconsideration of sanctions in light of our holding.
 
 [10]
 

 WE CONCUR:
 

 Madsen, J.
 

 Owens, J.
 

 Stephens, J.
 

 Wiggins, J.
 

 Yu, J.
 

 The Department issued its statement of charges through the Board, which is its relevant disciplinary authority under chapter 18.235 RCW.
 
 See
 
 RCW 18.235.005, .020(2)(b)(iv); RCW 68.05.430.
 

 This violation is not before us.
 

 The Department later amended its statement of charges, withdrawing its alleged violation of this statute and adding a violation of RCW 18.235.130(8) for unprofessional conduct.
 

 Although this is a criminal statute, neither of the parties argued for application of the rule of lenity, and we decline to do so. The Board has authority to discipline cemeteries that violate any provision of chapter 68.50 RCW. RCW 68.05.090, .173. Applying the rule of lenity would undermine the purpose of the Board's authority.
 

 As Southwick's due process claim is not before us, its resolution in the lower courts is not discussed further.
 

 The Department asserts that "person," as used in the statute, includes corporations; otherwise, it would have unintended consequences throughout chapter 68.50 RCW. Southwick does not disagree.
 

 Southwick claims the Board never considered its argument that it had authority of law because it was acting pursuant to its own rules, but the summary judgment order includes an explicit finding that Southwick's statutory violations "cannot be overridden by a rule adopted by [Southwick] on the Correction of Errors." AR at 283. The presiding officer reasoned that Southwick's rule was a limitation of liability clause and applied to contract enforcement, but this action was for unprofessional conduct rather than liability, so Southwick's rule did not apply. The Board later incorporated the presiding officer's conclusions of law into its final order. There is nothing to suggest the Board did not adequately consider Southwick's argument.
 

 "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." Wash. Const. art. I, § 7.
 

 As the Department points out, Southwick has not shown that any other cemetery is having similar problems with creating or enforcing cemetery rules that conflict with state statutes.
 

 Southwick is not entitled to attorney fees under the Washington Equal Access to Justice Act, RCW 4.84.340 -.350, because it is not the prevailing party.